Petition For A WRIT OF
HABEAS CORPUS
UNDER 28 U.S.C. § 2241

In The United States District Court
FOR THE
Eastern District OF TEXAS

Jury Trial ☑ Yes ☐ No

Ricky Wayne Beckett #411326
ET AL., Plaintiffs

Vs.

Defendant No.#1
Name: Zena Stephen
Title: Sheriff
Address: 5030 Hwy 69 South-Beaumont, Tx 77705
County: Jefferson
☐ Individual Capacity  ☑ Official Capacity

Defendant No.#2
Name: "Chief" Shawnburger
Title: Chief Jailer of JCCF
Address: 5030 Hwy 69 S-Beaumont, Tx 77705
County: Jefferson
☐ Individual Capacity  ☑ Official Capacity

# Petition For WRIT Of HABEAS CORPUS

Defendant No#.3
Name: "Major" Guillory
Title: major of JCCF
Address: 5030 Hwy 69 S.- Beaumont, TX 77705
County: Jefferson
☒ Individual Capacity   ☐ Official Capacity

## Petition For A WRIT Of HABEAS CORPUS under 28 U.S.C. § 2241

## A Motion For Certification of Class Action And Petition For Preliminary Injunction

1.(a) Full Name: Ricky Wayne Beckett
 (b) Other Names you have used: N/A

2. Place of Confinement:
(a) Name of Institution: Jefferson County Correctional Facility
(b) Address: 5030 Hwy 69 S., Beaumont, TX 77705
(c) Identification No. # 413626

3. Are you currently being held on orders by: DA- Bob Wortham, Judge John Stevens & Sheriff Zena Stephens

4. I am currently:
A pretrial detainee (waiting for trial on criminal charges)

## Petition For Writ Of HABEAS Corpus

5. I am challenging:
(a) Cruel and Unusual Punishment

6. More information about the actions I'm challenging:
(a) JCCF Supervising Staff placed "Code Orange" inmates on lock-down Status on 08-04-2022 and has continued unto this date __-__-2022.
(b) JCCF Supervising Staff has refused to give a reason for the excessive lock-down
(c) JCCF Supervising Staff has published a "Memo" outlining restrictions. (See Exhibit "B" Restrictions)
(D) Date of Action:
On 08-04-2022 "Code Orange" inmates went on indefinite "Lock-Down" with no relief forseeable in the near future. This unduly action was initiated after Officer Dylan More got caught red handed bringing dangerous controlled substances - i.e. Methanphetamines - into a secure detention facility to deliver these drugs to a "code orange" inmate. Therefore, JCCF Sheriff Zena Stephens has covertly ordered her subordinates to "punish" "code orange" by taking away day-room, kiosk, telephone, and recreation privileges indefinitly, which has denied Plaintiffs Access To Courts.

Petition For Writ Of HABEAS Corpus

- Ground One:
Excessive Cruel And Unusual Punishment-
On 08-04-2022 "code orange" went on continuous Lock-Down. The Eighth Amendment, which forbids "cruel and unusual punishments," governs the treatment of prisoners.

- Ground Two:
The "Objective Components", the Class is challenging the seriousness of the restrictive conditions, mainly "Access To Courts". (See Exhibit "A" Time Factors.) And unnecessary and wanton infliction of pain, and being denied daily exercise whereby causing code orange inmates mental and emotional injuries.

- Ground Three
The "Subjective Component", is the state of mind of the officials who are responsible for them. Thus the "Class" is challenging the "state of mind" of officials concerning the reasoning behind such a wantonly unconscionable and unjust act of retaliation against a defenseless "Class" of inmates. Even without significant injury, it is an Eighth Amendment violation, or humiliation or "antithetical to human dignity, (See Hope v. Pelzer, 536 U.S. at 738, 745.) and presumably it is applicable to other forms

Petition For Writ Of Habeas Corpus

Ground Three (continued):
of harrassing conduct besides searches....
However, numerous decisions have held that conduct can violate the Eighth Amendment even if it does not inflict physical injury. See Stricker v. Walters, 989 F. 2d 1375, 1381 (4th Cir. 1983).

Ground Four:
Subjective Component: Deliberate Indifference
Class Plaintiffs asserts JCCF Officials acted with "deliberate indifference," because the officials imposing the unjust restrictions "possessed a sufficiently culpable state of mind." (See Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321 (1991).

Ground Five:
The Eighth Amendment under the Due Process Clause cites, conditions or restrictions are not considered "punishment" if they are reasonably related to a legitimate goal" and <u>not</u> arbitrary or purposeless." See Bell v. Wolfish, 441 U.S. 520, 539, 99 S. Ct. 1861 (1979). However, Petitioner's asserts the punishment/Lock-Down is directly related to Officer Dylan Moore being busted bringing in drugs - a form of retaliation by JCCF against "code orange"

Petition for Writ of Habeas Corpus

Ground Six:
 As accords to Rule 23 and Rule 23(a) Fed. R. Civ. P., the listed inmates/Et AL. Petitioners have shown the Honorable Court that their complaint meets each of the above Rules and should be granted permission for "Class Action Certification."

Ground Seven:
 Class Action Petitioners herein makes their plea for "class action certification" and appointment of counsel.

Ground Eighth:
 Class Action Certification Petitioners meet the requirement — i.e. Rule 23(a) —, where as the class must be "Enormous In Number," That "Joinder" of all class members is Impracticable. Generally if the named Plaintiff demonstrates that the Potential Number of Plaintiffs "Exceeds" "40," the first prong of Rule 23(a) has been met. See... Stewart V. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001)

Petition For Writ Of Habeas Corpus

Ground Nine:

Courts are supposed to appoint (i.e. approve) "Class Counsel"... as accords to Rule 23(g)(1) Fed. R. Civ. P., — therefore, Class Action Plaintiffs argue that if class actions are "too complex" for a pro-se prisoner to handle, that complexity ought to support appointment of counsel. See Nilsson V. Caughlin, 670 F. Supp. 1186; 1191 (S.D.N.Y 1987).

Ground TEN:

Under Rule 23(b)(3), Class members should "each" receive "the best notice... including individual notice to all members who can be identified through reasonable effort"... Therefore, Class Action Plaintiffs request the Honorable Court grant relief as accords to Rule 23 (b)(3). See Dean V. Caughlin, 107 F.R.D. 331, 335 (S.D.N.Y. 1985)... (requiring individual notice to all class members and posting in prison's common areas); Arrango V. Ward 103 F.R.D. 638, 640-41 S.D.N.Y. 1984).

# Petition For Writ Of HABEAS CORPUS

## Preliminary Injunction

Class Action Plaintiff's request the Honorable Court to issue a "Preliminary Injunction" against JCCF Officials who are employing "Unconstitutional Procedures" as a matter of policy and/or practice, telling them to stop denying Class Members Access to Courts, kiosk privileges, phone and exercise privileges as a form of retaliation because of one of JCCF's officers - i.e. Dylan Moore - was caught and arrested for attempting to bring dangerous drugs into JCCF to a "Code Orange" inmate, and Class Action Petitioners herein makes their plea for "CLASS ACTION CERTIFICATION and appointment of counsel, as according to Rule 23 (b)(3) and Rule 23 (g)(1) Fed. R. Civ. P.

Exhibit "A"

Writ of Relief 1 of 3
Time Factors

I. Inmate Rack Times:
a.) meals - 40 minutes per day
1.) Lunch - 20 minutes
2.) Dinner - 20 minutes
b.) medication - 40 minutes per day
1.) morning - 20 minutes
2.) Evening - 20 minutes
c.) Shift Change - 90 minutes per day
1.) 2:00 pm - 3:30 pm  90 minutes per day
d.) Recreation 60 minutes per day
1.) Morning/Evening 60 minutes per day
e.) Laundry Service 60 minutes per week
1.) three services per week
    - 20 minutes per service
f.) Commissary - 30 minutes per week
1.) designated day/time per dorm - 30 minutes

Approximate total rack time: 4 hours per day
                              28 hours per week

The day room opens at 9:00 am daily and closes at 10:00 pm daily.

1 of 3

Exhibit "A"

Section B

Writ of Relief                                                2 of 3
- Time Factors

## II. Kiosk off-lines times
a.) 9:00 am - 2:00 pm
  1.) 9:45 am - 10:30 am
  2.) 11:45 am - 12:00 noon
  3.) 1:15 pm - 2:00 pm
b.) 3:30 pm - 10:00 pm
  1.) 3:45 pm - 4:00 pm
  2.) 5:45 pm - 6:00 pm
  3.) 6:45 pm - 7:00 pm
  4.) 7:45 pm - 8:00 pm
  5.) 9:15 pm - 10:00 pm

Approximate total off-line time: 3.5 hr/day
                                 24.5 hours per week

Approximate time Kiosk is unavailable:
7.5 hrs/day        52.5 hours per week.

Approximate time Kiosk is available: 5.5 hrs/day
                                     39.5 hours per week

Times are per kiosk - there are 2 kiosk in each medium security dorm with 48 inmates. This allows for an average of 16 minutes per day or 1 hour: 52 minutes per week for each inmate

Exhibit "A"

3 of 3

The following is a list of services that are available exclusively using the Kiosk:

1. Law Library
2. Medical / Dental Request
3. Personal Mail
4. Mental Health Request
5. Mail Services
6. Court / Lawyer Information
7. Education Services
8. Classification
9. Trust Fund Account Questions (commissary)
10. Visitation List
11. Supervisor Request / Complaints
12. Inmate Grievances
13. Phone Access Issues
14) "Jail Mail" / Pictures / Physical Mail

Inmates are directed by JCCF staff to use the Kiosk for all listed services. The limited amount of time allowed to inmates is insufficient. There are also "Kiosk failures" and other interruptions that delete progress. These problems often result in a considerable delay in receiving medical care, legal documents and answers to a wide variety of questions / requets

Exhibit "A"

4 of 4

## Concluding

I pray on this day that you will act under the Color of Law with the Seal on its face and Rectify these violations promptly.

Sincerely,

Ricky W. Beckett

CC: Jefferson County Judge: Jeff Branick
    Jefferson County Sheriff: Zena Stephens
    Fifth Circuit Court of Appeals

# DORM RESTRICTION PROCEDURE

- ALL Inmates on Bunks entire shift except when required to Leave Dorm. Ex. Book-in, Infirmary

- Each Inmate allowed 1 Hr of Dayroom per day. Inmates are to be seated one inmate per table when not using Telephone, Kiosk, Hotpot or Microware.

- 1 Row at a time in Dayroom

- No more than 2 inmates at a time in Shower

- No more than 2 inmates at a time in sink or toilet area.

The above mentioned Dorm Restriction Procedures were implemented on 08-04-2022 and due to these restrictions there have been "Codes 4 or 6" sending all inmates to their respective bunks/no movement, and the majority are called because of fights, caused by the frustration due to this intense Lock-Down. Therefore Plaintiffs submit _____ . Time Factors to show the Court regular Kiosk times are in violation of Access To Court, compounded by excessive Lock Down render's a Severe Constitutional Violation of First Amendment Access To Courts
See: Exhibit "A"

In Protest Of Illegal Lock Down Punishment
Class Action Complaint

Et AL., Petitioners Under 28 U.S.C. § 2241

1. Ricky W. Beckett #41326
2. Robert D. Hinson #256480
3. Ondrez D. Domoneck #209173
4. Geraud Boyd #261756
5. Ricardo Arguello #334203
6. Christopher Sheppard #348599
7. Gregory Ager #304901
8. Cedrick Washington #352724
9. Mathew Rogers #338497
10. Archie Perkins #125-174
11. Robert Johnson #202891
12. Kaylon Patterson #347626
13. Louis Payne
14. William Barrus
15. Mychael Turnbull
16. Ronald Barrett
17. Calvin ___
18. Melancon #251500
19. Bryan Wilson
20. Jimmy E Thomas
21. Ashtin Spearman
22. Perry Hill
23. Quan Johnson-Manf
24. Mark Barnes
25. Sam Kearney #334477
26. Donnie Rubin JR 326703
27. Tray J Haynes
28. Vincent Bott
29. Darrell Jordan #327476
30. Brock Chambers #157104
31. Melonson #262354
32. Dominique Dixon #322545
33. Elijah ___
34. Dariante Everfield #346300
35. Paul Westbrooks #291455
36. Eli LeBlanc #202996
37. Eddie S. Lantigue #119733
38. Joseph Rosemond #264325
39. Corbin Branch #324465
40. Patrick Juneau
41.
42.
43.
44.
45. Josue L. Gutierrez
46.
47.
48.
49.
50.
51.
52. C. Stewart

# Cover Page

## Petition For Writ of HABEAS CORPUS

## Preliminary Injunction

Class Action Plaintiff's request the Honorable Court to issue a "Preliminary Injunction" against JCCF Officials who are employing "unconstitutional Procedures" as a matter of policy and/or practice, telling them to stop denying Class Members Access to Courts, kiosk privileges, phone and exercise privileges as a form of retaliation because of one of JCCF's Officers - i.e. Dylan Moore - was caught and arrested for attempting to bring dangerous drugs into JCCF to a "Code Orange" inmate, and "CLASS ACTION CERTIFICATION and appointment of counsel.

Moreover, Petitioner's request the Clerk to "Time Stamp," Date and Return a copy for his records. Thank you

P.S.
Plaintiff mailed out this writ on 08-28-2022 and the JCCF ordered Lock-Down is yet in effect with no relief in sight. (i.e the Writ)

Ricky Wayne Beckett #41326
5030 Hwy 69 South
Beaumont, Texas 77705





CLERK
UNITED STATES DISTRICT COURT
300 Willow Street, Suite 104
Beaumont, Texas
77701-2217

LEGAL Mail
LEGAL    MAIL

